**In re RHODE ISLAND AMBULANCE, Debtor.**

**Bankruptcy No. 88–505.**

United States Bankruptcy Court, D. Rhode Island.

Nov. 21, 1990.

---

Avram Cohen, Providence, R.I., for debtor.

Matthew J. McGowan, Salter, McGowan, Swartz & Holden, Providence, R.I., for trustee.

Terence J. Tierney, John E. Farley, Sp. Asst. Attys. Gen., Providence, R.I.

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on August 23, 1990 on the motion of the Trustee for a determination that the State of Rhode Island does not have a right of setoff against funds owed by the State to the debtor, postpetition.

The present dispute arises out of an order entered by this Court on March 15, 1990 approving a compromise between the State of Rhode Island, represented by John Farley, Esq., and the Trustee. As part of said settlement, the debtor and its principal, Dennis Chapell, agreed to, and did, plead guilty to obtaining money under false pretenses [1] from Rhode Island Medicaid, the Federal Medicare Program, and the Massachusetts Department of Welfare, in exchange for the State's agreement to accept restitution at a priority level below § 726(a)(5) claims.[2]

Notwithstanding this (plea bargained) agreement, the State now argues that since the Rhode Island Department of Human Services [3] did not receive specific notice of the motion to compromise, this Court should now amend its order approving said compromise or, in the alternative, deny the Trustee's present motion and, pursuant to our broad equitable powers, allow the State to set off amounts which the State owes the debtor, against restitution payments due from the debtor to the State.

It was made clear at the August 23 hearing that this Court would not reconsider only those parts of the agreement which are unfavorable to the State, but that if the State wishes, we would vacate the agreement in toto, including the debtor's guilty plea. But by letter dated August 31, 1990, the State reported that "[u]nder the Rhode Island Rules of Criminal Procedure the Department of Attorney General has no authority to vacate a plea agreement." Although somewhat skeptical of the absolute finality of this statement, under the circumstances we have no choice but to accept it.

Nevertheless, based upon the record, we conclude that this is not a proper instance for the exercise of this Court's equitable discretion to grant piecemeal reconsideration, or to permit the requested setoff by the State of Rhode Island.

Pursuant to R.I.GEN.LAWS § 42–9–6, "the Attorney General, ... shall act as the legal advisor ... of all state boards, divisions, departments ... and shall institute and prosecute, whenever necessary all suits and proceedings which they may be authorized to commence, and shall appear for and defend the ... boards, divisions, departments ... in all suits and proceedings which may be brought against them in their official capacity." The compromise agreement in issue was entered into between the Trustee and the Medicaid Division of the Department of Attorney General, which was represented by counsel. Accordingly, we rule that the Attorney General's appearance in this matter bound all boards, divisions, and departments, including the Department of Human Services. The State's participation in the negotiations resulting in the entry of the order approving the compromise agreement, wherein it

---

1. The indictments stemmed from allegations that the debtor was transporting dialysis patients in wheelchair vans instead of ambulances.

2. Pursuant to this plea bargain arrangement, on March 20, 1990, the Providence County Superior Court ordered the debtor to pay restitution as follows: $20,600 to Rhode Island Medicaid; $25,323 to the Federal Medicare Program; and $5,711 to the Massachusetts Department of Welfare, as well as $4,600 in fines.

3. John Farley, Esq., on behalf of the Medicaid Department of the Attorney General's Office, Criminal Division, received notice of both the motion for approval of compromise, and the order approving same. In its quest to obtain the debtor's guilty plea, the Medicaid Department accepted and became bound by the terms of the compromise on behalf of the State of Rhode Island.

obtained and accepted the benefits of the debtor's guilty plea, is binding upon the Department of Human Services, which must accept the burdens of the agreement, as well as its benefits.

Accordingly, it is ORDERED that the Trustee's motion for a determination that the State of Rhode Island has no right of setoff, is GRANTED.

Enter Judgment consistent with this opinion.